# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-07053-RGK (JEMx)** | Date | October 12, 2017 |
|---|---|---|---|
| Title | ***ALFREDO ZAMUDIO v. CEC ENTERTAINMENT, INC.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On August 4, 2017, Alfredo Zamudio filed an action against CEC Entertainment, Inc. dba Chuck E. Cheese ("Defendant") for disability discrimination, failure to accommodate or engage in interactive process, retaliation, and wrongful termination under the California Government Code.

On September 25, 2017, Defendant removed the action to federal court alleging diversity jurisdiction. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

In his complaint, Plaintiff seeks damages for lost wages, lost future earnings, lost benefits, emotional distress, punitive damages, and reasonable attorney's fees. In support of their removal of the action, Defendant states only that (1) its projections indicate that Plaintiff's damages exceed the sum of $75,000; and (2) it is reasonable to assume that Plaintiff will incur attorney's fees in excess of $75,000. The Court finds these conclusory statements to be completely inadequate for satisfying Defendant's burden. Therefore, the Court finds that Defendants have failed to satisfy its burden of showing by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-07053-RGK (JEMx)** | Date | October 12, 2017 |
|---|---|---|---|
| Title | ***ALFREDO ZAMUDIO v. CEC ENTERTAINMENT, INC.*** | | |

preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                         Initials of Preparer